# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOEY A. DUFFEY, | : | Case No. 1:18-cv-422 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| BOARD OF COUNTY COMMISSIONERS OF CLINTON COUNTY, OH, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This civil action is before the Court regarding Defendants Board of County Commissioners of Clinton County, Ohio and Clinton County Sherriff's Office's motion to dismiss (Doc. 5), as well as the parties' responsive memoranda (Docs. 7, 9). Also before the Court is Plaintiff's motion to strike or deny defendants' motion to dismiss on procedural grounds; or, alternatively, to convert Defendants' motion to dismiss to a motion for summary judgment (Doc. 8) and Defendants' response (Doc. 9).

## I.     BACKGROUND

Plaintiff Joey A. Duffey, an individual who is deaf, brings this action against Defendants for allegedly failing to provide him with interpreter services during his detention at Clinton Count Jail. Plaintiff was booked into Clinton County Jail on June 11, 2018 and was incarcerated when he initiated this action. (Doc. 1 at ¶¶ 1–2). Plaintiff claims that during his incarceration he was precluded from participating in institutional proceedings; effectively taking part in rehabilitative, education, or religious programs;

receiving adequate medical care, and communicating effectively with other within and outside the jail. (*Id.* at ¶ 3). Plaintiff claims that Defendants' failure to allow effective communication with deaf prisoners violates Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12166, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (*Id.* at ¶ 5). Plaintiff also claims Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment due to allegedly inadequate medical care provided by Defendants. (*Id.* at ¶¶ 69–76).

## II. ANALYSIS

### 1) Motion to Convert Motion to Dismiss to Motion for Summary Judgment

Defendants claim that Plaintiff's complaint fails because (i) Plaintiff failed to comply with the Prison Litigation Reform Act ("PLRA"), (ii) Plaintiff failed to allege a cognizable Eighth Amendment claim, and (3) Plaintiff's claims for injunctive and declaratory relief are moot. Defendants' motion to dismiss includes forty-nine (49) pages of exhibits related to Plaintiff's failure to exhaust administrative remedies. (Doc. 5-1). Plaintiff argues that Defendants' motion to dismiss relies entirely on evidence outside Plaintiff's complaint. Therefore, Plaintiff moves to strike or deny Defendants' motion to dismiss or convert Defendants' motion to dismiss to a motion for summary judgment. (Doc. 8).

First, Plaintiff moves to strike Defendants' motion to dismiss because it includes matters outside of the pleadings. The Federal Rules of Civil Procedure do not provide for a motion to strike documents other than pleadings. *See* Fed. R. Civ. P. 12(f) (limited to striking pleadings or portions of pleadings). "Instead trial courts make use of their

2

inherent power to control their dockets, *Anthony v. BTR Auto. Sealing Sys.,* 339 F.3d 506, 516 (6th Cir. 2003), when determining whether to strike documents or portions of documents." *Getachew v. Cent. Ohio Transit Auth.*, No. 2:11-cv-860, 2013 WL 819733, at *2 (S.D. Ohio Mar. 5, 2013). Here it is unnecessary to strike the materials attached to Defendants' motion because the Court finds that Defendants' motion to dismiss should be converted to a motion for summary judgment.

The Federal Rules of Civil Procedure provide that, where a party files a 12(b)(6) motion to dismiss and relies on matters outside of the pleadings, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, it is undisputed that Defendants' motion relies on matters outside of the pleadings. Defendants note that courts are divided on whether a plaintiff's failure to comply with a pre-suit administrative process should be decided as a motion to dismiss or motion for summary judgment. *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (finding that exhaustion of administrative remedies should be raised in a motion to dismiss); *but see Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (noting that the Second, Third, Fifth, Seventh, and Ninth Circuits hold that summary judgment, as opposed to an unenumerated Rule 12(b) motion, is appropriate to decide administrative exhaustion). District courts within the Sixth Circuit have also found it appropriate to convert motions to dismiss to decide exhaustion into motions for summary judgment. *See Perotti v. Medlin*, 2009 WL 2424547, at *6 (N.D. Ohio Aug. 3, 2009). Here, the Court agrees with the majority of circuits and find that, because Defendants rely on

3

materials outside of Plaintiff's complaint, its motion to dismiss regarding exhaustion should be converted into a motion for summary judgment.[1]

Here, Plaintiff must be provided with an opportunity to present materials pertinent to Defendants' motion. Fed. R. Civ. P. 12(d). In *Albino*, the Court found that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit." 747 F.3d at 1170.

Accordingly, Plaintiff shall file a response to Defendants' converted motion for summary judgment within 21 days of this Order with all materials pertinent to the motion. If Plaintiff believes that discovery concerning exhaustion is necessary, Plaintiff must file an affidavit or declaration pursuant to Fed. R. Civ. P 56(d) explaining why, "for specified reasons, it cannot present facts essential to justify its opposition." Any such affidavit must be filed within 21 days of this Order.

**2) Motion to Dismiss Eighth Amendment Claims**

Defendants contend that even if the Court decides to convert its motion to dismiss concerning exhaustion into a motion for summary judgment, Plaintiff's Eighth

---

[1] Defendants' motion also contends that Plaintiff's claims for injunctive and declaratory relief are moot because the Plaintiff has been released from Clinton County Jail. *See Goldsborough v. Carlson*, 863 F.2d 48 (6th Cir. 1988) ("A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer."). However, Defendants rely on materials outside the complaint to establish that Plaintiff has been released from jail. (Doc. 5 at 6–7). Therefore, the Court will determine whether Plaintiff's claims for injunctive and declaratory relief are mooted when it determines Defendants' converted motion for summary judgment.

4

Amendment claim should be dismissed without regard to any evidence outside the pleadings. The Court agrees.

### A. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,'

5

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

## B. Analysis of Plaintiff's Eighth Amendment Claims

The Eighth Amendment establishes that prison officials are obligated to provide medical care for incarcerated prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Eighth Amendment is violated when prison officials are deliberately indifferent to serious medical needs of prisoners. *Id.* at 104. An Eighth Amendment violation for failing to provide medical care for incarcerated prisoners only occurs where the alleged deprivation is objectively "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 826 (1970).

A review of Plaintiff's complaint fails to allege (i) that he had a serious medical need or (ii) that any of the Defendants were deliberately indifferent to that need. Plaintiff pleads that Defendants maintain a facility that denies deaf prisoners an effective means of communication with medical staff and health care providers. (Doc. 1 at ¶¶ 69–76). However, Plaintiff fails to allege that he actually had a serious medical need; at most he alleged that there was the potential he would suffer a serious medical need. Accordingly, Count Three of Plaintiff's complaint, brought under the Eighth Amendment, fails as a matter of law and is dismissed.

### III.   CONCLUSION

Accordingly, for the reasons outlined above:

1) Plaintiff's motion (Doc. 8) is **GRANTED in part** and **DENIED in part**, as follows:

    a. Plaintiff's motion to strike Defendants' motion to dismiss (Doc. 5) is **DENIED;**

    b. Plaintiff's motion to convert Defendants' motion to dismiss related to PLRA exhaustion (Doc. 5) to a motion for summary judgment is **GRANTED**; and

        i. Plaintiff shall file, within 21 days, a response to Defendants' motion with all pertinent materials to the motion; or

        ii. Plaintiff shall file, within 21 days, an affidavit or declaration, pursuant to Fed. R. Civ. P. 56(d), explaining why discovery related to exhaustion is required

2) Defendants' motion to dismiss (Doc. 5) is **GRANTED in part** with regard to Count III of Plaintiff's complaint; *i.e.*, Count III is **DISMISSED**. The remainder of Defendants' motion to dismiss is converted into a motion for summary judgment.

**IT IS SO ORDERED.**

Date:    1/29/19

Timothy S. Black
United States District Judge